**The below described is SIGNED.**

**Dated: October 18, 2005** _____
**WILLIAM T. THURMAN**
**U.S. Bankruptcy Judge**



_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH
IN THE CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| **Mark Scott,** | Bankruptcy Number 05-26202 |
| Debtor. | Chapter 7 |

**MEMORANDUM DECISION GRANTING THE CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS**

The Chapter 7 Trustee's Objection to Debtor's Claim of Exemptions came on hearing before the Honorable William T. Thurman on October 13, 2005 at 1:00 p.m. Stephen Rupp, the Chapter 7 Trustee, and Karlin Myers, counsel for the debtor, were present. The parties made representations and presented evidence to the Court. Based on this evidence, the Court submits this Memorandum Decision, which will constitute its findings of fact and conclusions of law as required by Rule 52 of the Federal Rules of Civil Procedure.[1]

The issue in this matter is whether the Debtor is entitled to a $20,000 homestead exemption or whether he is limited to a $5,000 exemption. Under Utah Code § 78-23-3, the amount a debtor may claim as a homestead exemption depends on whether the claimed property

---

[1] Fed. R. Civ. Pr. 52 is extended to bankruptcy proceedings by Bankr. R. Pr. 7052.

qualifies as the debtor's primary personal residence.  The debtor claims a primary personal homestead exemption for a home that he last occupied in September, 2002.  He argues that the home is still his primary personal residence because he was forced out of the home by a Protective Order issued by a Utah State Court.  The Court determines that, as a matter of law, the Debtor may not claim the home as a primary personal residence and therefore he is limited to an exemption amount of $5,000.

**Facts**:

In September of 2002, the Debtor owned and resided in a residence located at 31 North 2300 West, St. George, Utah ("the Residence") with his ex-wife, Shelley Scott.  In or around September of 2002, Judge James L. Shumate of the 5th Judicial District Court of the State of Utah, Washington County, issued a Protective Order requiring Debtor to leave the Residence.  Debtor's exclusion from the Residence was continued by a Temporary Order issued on December 29, 2003 by the court presiding over the Scotts' divorce proceeding.  Although many of his belongings remain at the Residence, the Debtor has not occupied the Residence since the Protective Order, dated September 20, 2002.  On April 20, 2005, the Debtor filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code.  His listed address on his Chapter 7 petition was not the Residence, but he nevertheless claimed a homestead exemption of $20,000 for his interest in the Residence.  The Trustee objects to this exemption, arguing that Debtor is entitled to an exemption of only $5,000 because the property is not the Debtor's primary personal residence.  The Trustee's objection is the subject of this decision.

**Decision**:

11 U.S.C. 522(b)(1) "allows each state to "opt out" of the federal exemptions and substitute its own exemptions for the ones specified in section 522."[2] Utah is an "opt out" state, requiring debtors to claim only exemptions allowed under Utah Code §§ 78-23-1 through 78-23-15.[3] Specifically, residents of Utah may claim a homestead exemption only as allowed under Utah Code § 78-23-3.

Utah Code § 78-23-3 states:

(1) For purposes of this section:
 (a) "household" means a group of persons related by blood or marriage living together in the same dwelling as an economic unit, sharing furnishing, facilities, accommodations, and expenses;
 (b) "primary personal residence" means a dwelling or mobile home and the land surrounding it, not exceeding one acre, as is reasonably necessary for the use of the dwelling or mobile home, in which the individual and the individual's household reside;
[...]

(2) (a) An individual is entitled to a homestead exemption consisting of property in this state in an amount not exceeding:
 (I) $5,000 in value if the property consists in whole or in part of property which *is not the primary personal residence of the individual*; or
 (ii) $20,000 in value if the property claimed is *the primary personal residence of the individual.* (Emphasis added).

The Trustee argues that the Debtor may only claim a $5,000 exemption for the Residence because the Debtor did not reside there on the date of his bankruptcy petition.[4] The debtor argues that this result would be unjust because he did not leave the Residence voluntarily. Resolution of this dispute depends entirely on whether the Residence can be considered the Debtor's primary personal residence for purposes of Utah Code § 78-23-3.

---

[2] In re Sanders, 39 F.3d 258, 260 (10th Cir. 1994).

[3] Utah Code § 78-23-15.

[4] See 11 U.S.C. 522(b)(2) (2005).

Until 1997, the Utah homestead exemption statute made no distinction between a residence and a primary personal residence.[5] Pre-1997 law allowed a debtor to claim the full extent of a homestead exemption regardless of whether the debtor occupied the residence at the time of the claim.[6] Debtors were entitled to a broad exemption, which applied even if the debtor did not live at the homestead.[7] The breadth of this exemption was expressed by the Utah Supreme Court in Panagopulos v. Manning.[8] There, the Court stated: "[w]e have repeatedly held that this statute is remedial and to accomplish its beneficent purpose should be broadly construed."[9]

But beginning with amendments to the homestead exemption statute in 1997, the Utah legislature distinguished between debtors who reside primarily at the claimed property, and those who do not. In 1999, the Utah legislature amended § 78-23-3 to provide a $5,000 exemption for debtors who claim an exemption for property that is not their primary personal residence. Under §78-23-3(2)(a)(ii), debtors may only claim a homestead exemption of $20,000 if they can show that the property at issue is their primary personal residence. Under these amendments, debtors are only entitled to the maximum homestead exemption of $20,000 if they they occupy and reside at the claimed property. This interpretation was confirmed by the Utah Supreme Court's recent statement in Houghton v. Miller[10] that "[t]he clear language of section 78-23-3(1) requires

---

[5] 1990 Utah Laws Ch. 142.

[6] 1990 Utah Laws Ch. 142.

[7] *See* Kimball v. Salisbury, 53 P. 1037 (Utah 1898); Bunker v. Coons, 60 P. 549 (Utah 1900).

[8] 69 P.2d 614 (Utah 1937).

[9] Id. at 617.

[10] 118 P.3d 293 (2005).

that a property owner must 'reside' on the premises in order to qualify for the PPR exemption."[11] The Miller Court specifically noted that its decision was not inconsistent with prior case law, explaining that earlier cases were decided under a homestead exemption statute which did not distinguish between a primary personal residence and a non-primary personal residence.[12] Thus, under §78-23-3, a debtor may only claim the maximum homestead exemption amount of $20,000 if the debtor currently resides at the claimed property, or, in a bankruptcy case, as of the date the petition is filed.

In Utah, a debtor's residence is the place where the debtor lives. Section 78-23-3 does not define the term, 'residence' or 'reside.' In Utah, courts look to the dictionary to define these terms.[13] Black's Law Dictionary defines a 'residence' as "[t]he place where one actually lives, as distinguished from a domicile...which requires bodily presence plus an intention to make the place one's home."[14] The American Heritage College Dictionary defines "residence" as "[t]he place in which one lives; a dwelling."[15] Thus, it is clear that in Utah, a debtor resides in the place where he or she has a physical bodily presence.

The Debtor argues that his absence from the Residence was temporary, and should not undermine his entitlement to a $20,000 homestead exemption. Specifically, the Debtor points to Bunker v. Coons,[16] where the Utah Supreme Court held that a claimant's temporary absence

---

[11] Id. at 10.

[12] Id. at 10.

[13] See Keene v. Bonser, 107 P.3d 693, 697 (Utah App. 2005)(distinguishing a 'residence' from a 'dwelling' in that a 'residence' requires bodily presence); Knuteson v. Knuteson, 619 P.2d 1387, 1389 (Utah 1980)(looking to the dictionary definition of 'residence' for purposes of a statute relating to alimony).

[14] Black's Law Dictionary, Abridged 1050 (Abr. 7th ed. 2000).

[15] Am. Heritage College Dictionary, 1183 (4th ed. 2002).

[16] 60 P. 549 (1900).

from the homestead for one or two years for work purposes did not obfuscate his entitlement to a homestead exemption for the claimed property. This case, decided in 1900, merely underscores what the Court acknowledged earlier - under Pre-1997 law, a Debtor's presence or occupation of claimed property was irrelevant for purposes of a homestead exemption. Also noted earlier, however, the Utah legislature effectively changed this rule of law by amending the Utah Code to require that a debtor reside at the claimed property to qualify for the maximum homestead exemption. If a temporary absence exception to the residence requirement does exist, the Court determines that the absence of the Debtor from the Residence in this case is more than temporary.

The Debtor has not occupied or had a physical presence at the Residence since 2002. As such, that property is not his residence for purpoes of § 78-23-3. It is immaterial that he was ordered to leave the Residence. The plain language of § 78-23-3 makes clear that whether the debtor may claim a homestead of $20,000 depends on whether he resided there as of the date of his bankruptcy petition. The law provides for no leeway to address the reasons for the debtor's absence from the Residence. Accordingly, the Court determines that the debtor is entitled to a homestead exemption for the Residence in the amount of $5,000 only.

**Conclusion**:

The Trustee's Objection to Debtor's Claim of Exemption should be sustained. A separate order accompanies this decision.

_____End of Document_____

Case 05-26202   Doc 14   Filed 10/19/05   Entered 10/19/05 10:45:18   Desc Main
Document   Page 7 of 7

\_\_\_ooo0ooo\_\_\_

Service of the foregoing **MEMORANDUM DECISION GRANTING THE CHAPTER 7 TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTIONS** will be effected through the Bankruptcy Noticing Center to each party listed below.

Mark R. Scott
1141 West 360 North #23
St. George, UT 84770

Stephen W. Rupp
170 South Main Street
Suite 800
Salt Lake City, UT 84101

Karlin Myers
P.O. Box 87
Hurricane, UT 84737